UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN RATTLIFF, | ) | CASE NO.: 1:20-cv-01732 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objection filed by Plaintiff Stephen Rattliff to the Report and Recommendation ("R&R") of the Magistrate Judge. On October 20, 2021, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner. On November 8, 2021, Rattliff objected to the R&R. On November 15, 2021, the Commissioner responded to the objections. The Court now resolves the objection.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Rattliff objects to the R&R's conclusion that the ALJ applied the proper legal standards in

evaluating Dr. DeMott's opinion. (Doc. 16, PageID# 954). Rattliff contends that the ALJ failed to expressly discuss the consistency and persuasiveness of Dr. DeMott's opinion. The R&R further concluded that any failure on the part of the ALJ to expressly discuss these factors was harmless error. (Doc. 16, PageID# 948).

Notably, Ratliff acknowledges that the ALJ concluded that Dr. DeMott's opinion was inconsistent with his own records, and therefore not supportable. However, he asserts that this inconsistency alone was not enough to dismiss the opinion. (Doc. 16, PageID# 955, 56). Specifically, Ratliff argues that the ALJ failed to note that Dr. DeMott's opinion was consistent with other provider's opinions, specifically "Mr. Sunday and Nurse Werley." (Doc. 16, PageID# 956). It does not appear from the record, nor does Ratliff argue that Nurse Werley provided a medical opinion in this matter. It is unclear how this supports Dr. DeMott's opinion and therefore the Court will not address this undeveloped argument. Further, the R&R concluded that the ALJ's determination that Mr. Sunday's medical opinion was not consistent with nor supported by the record was supported by sufficient evidence. Ratliff does not object to this conclusion.

Addressing Ratliff's argument that the ALJ failed to note that Mr. Sunday and Dr. Demott's opinions were consistent with each other, the R&R states that "it is apparent that the ALJ found the opinions of both Dr. DeMott and Counselor Sunday to be unsupported. It would be a perversion of social security law to fault an ALJ for failing to credit two *unsupported* medical source opinions because they were *consistent* with each other." (Doc. 15, PageID# 949). This Court agrees.

Finally, Ratliff acknowledges that the ALJ discussed and evaluated the opinion of the state agency examiner, which was inconsistent with Dr. DeMott and Mr. Sunday's opinions. (Doc. 16, PageID# 956). Ratliff argues that the ALJ's reliance upon the state agency examiner's opinion was misplaced. Ratliff did not raise this issue in his merit brief, rather raising it for the first time in his objections to this Court. Any issue Ratliff might have raised regarding the ALJ's reliance upon the

state agency opinion is not properly before this Court.

Ratliff fails to demonstrate that the ALJ failed to apply the proper standard to Dr. DeMott's opinion. Accordingly, the R&R did not err when it found that the ALJ did not err.

For the reasons stated above, Ratliff's objection is OVERRULED. The R&R is ADOPTED IN WHOLE.   The decision of the Commissioner is hereby AFFIRMED.


Dated: March 3, 2022                     /s/ John R. Adams
                                                                JUDGE JOHN R. ADAMS
                                                                UNITED STATES DISTRICT JUDGE